UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Luis Angel Salaman,<br>  *Plaintiff*,<br><br>  *v.*<br><br>Edwin DeJesus, et al.,[1]<br>  *Defendants*. | Civil No. 3:05cv1608 (JBA)<br>Prisoner |

**RULING ON MOTION TO DISMISS**

Plaintiff, Luis Angel Salaman, proceeding pro se, commenced this civil rights action pursuant to 42 U.S.C. § 1983. Among other things, he alleges that on August 30, 2003, Officer DeJesus arrested him and State Trooper Comesanas used excessive force against him during the arrest. Pending before the Court is a Motion to Dismiss [Doc. # 20] filed by Comesanas. For the reasons that follow, the motion is granted in part.

**I. Standard of Review**

In ruling on a motion to dismiss under Rule 12(b), the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41,

---

[1] The defendants named in the complaint are Connecticut State Police K9 Dakota, the New Haven Police Department, Edwin DeJesus and Paul Comesanas, incorrectly listed as Paul Camesanas in the caption. On June 16, 2006, the Court dismissed all claims against K9 Dakota and the New Haven Police Department.

47 (1957)). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Comm'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965).

II.  **Factual Background**

For the purposes of deciding this motion, the court assumes that the following allegations, taken from the complaint, are true. On August 30, 2003, the Plaintiff was in a car involved in a high speed chase on Route 91 in Middletown, Connecticut. When the vehicle came to a stop, Defendant DeJesus, a New Haven Police Officer, took the Plaintiff out of the car, forced him to the ground, and applied handcuffs to his wrists. Defendant Comesanas, a Connecticut State Trooper, brought his police dog over and directed the dog to attack the Plaintiff. The dog, named Dakota, bit the Plaintiff's face, shoulders, buttocks and right elbow. DeJesus failed to intervene to stop Dakota from biting the Plaintiff. Eventually, Comesanas ordered Dakota to leave the Plaintiff alone. DeJesus transported the Plaintiff back to the New Haven Police Department. The Plaintiff was later transported to Yale-New Haven Hospital where he was treated for his injuries. The Plaintiff seeks declaratory relief as well as compensatory and punitive damages.

III. **Discussion**

Comesanas moves to dismiss the complaint on four grounds. He argues (1) that any federal claims for damages against him in his official capacity are barred by the Eleventh Amendment; (2) that the Plaintiff has failed to state a claim under the Eighth and Ninth Amendments; (3) that the Plaintiff has failed to state a claim for declaratory relief; and (4) that he enjoys sovereign and statutory immunity as to any state law claims of assault and

2

battery.

   A.   **Claims Barred by the Eleventh Amendment**

Salaman sues the Defendants in their individual and official capacities and seeks compensatory and punitive damages as well as declaratory relief. Comesanas argues that the Eleventh Amendment bars all federal claims for damages against him in his official capacity. The Eleventh Amendment provides immunity from suit for monetary damages for the state and state officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159 (1985). Although the state can waive this immunity from suit, the Plaintiff has presented no evidence suggesting that the State of Connecticut has done so in this case. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that state may explicitly waive Eleventh Amendment immunity). Therefore, the motion to dismiss all federal claims for monetary damages against Comesanas in his official capacity is granted.

   B.   **Eighth and Fourteenth Amendment Claims**

The Plaintiff alleges that Comesanas ordered a police dog to attack him after he had been handcuffed and placed on the ground. He contends that this use of force was excessive in violation of his rights under the Fourth, Eighth, and Fourteenth Amendments. Comesanas argues that the Eighth Amendment is inapplicable to Plaintiff's claims.

The Fourth Amendment prohibits unreasonable seizures of the person and applies to claims that a police officer used excessive force in the course of an arrest, investigatory stop or other pre-arraignment seizure. *Tennessee v. Garner*, 471 U.S. 1, 7–22 (1985) (analyzing claim of excessive force to effect arrest under a Fourth Amendment standard). The Eighth Amendment is applicable only after an individual has been convicted. *Whitley v. Albers*, 475 U.S. 312, 318-326 (1986) (reviewing claim of excessive force to subdue

3

convicted prisoner under an Eighth Amendment standard). Furthermore, the right to substantive due process under the Fourteenth Amendment does not apply to claims that police officers used excessive force during an arrest. *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard."); *Hemphill v. Schott*, 141 F.3d 412, 418 (2d Cir. 1998) ("Excessive force used by officers arresting suspects implicates the Fourth Amendment's prohibition on unreasonable seizures, rather than the Fourteenth Amendment's guarantee of substantive due process.") (citation omitted).

Because the Plaintiff's claims relate to Comesanas's use of force during his arrest, they must be analyzed under the Fourth Amendment and not the Eighth or Fourteenth Amendments. Accordingly, the motion to dismiss is granted as to the Eighth Amendment claims against defendant Comesanas. The Fourteenth Amendment claims against defendant Comesanas are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Ninth Amendment Claim**

The Plaintiff alleges that defendant Comesanas violated his rights protected by the Ninth Amendment. Defendant Comesanas argues that the Ninth Amendment is not an independent source of constitutional rights that may be asserted in a civil rights action.

The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. The Ninth Amendment concerns only unenumerated rights; because a § 1983 claim must be premised on the violation of a right guaranteed by the

United States Constitution or federal law, the Ninth Amendment cannot serve as the basis for a section 1983 claim. *In re State Police Litigation*, 888 F. Supp. 1235, 1258 (D. Conn. 1995), *appeal dismissed*, 88 F.3d 111 (2d Cir. 1996).

The Plaintiff fails to identify in his complaint any fundamental rights violated by Comesanas that are not encompassed by the other identified constitutional amendments. *See Strandberg v. Helena*, 791 F.2d 744, 748 (9th Cir. 1986) (acknowledging that the Ninth Amendment has been viewed as protecting rights not enumerated in the first eight amendments) (citing *Griswold v. Connecticut*, 381 U.S. 479 (1965) (Goldberg, J., concurring)). Thus, the Motion to Dismiss is granted as to the Ninth Amendment claim against Comesanas.

### D. Declaratory Relief

The Plaintiff also asks the court to declare that defendant Comesanas's actions in permitting the police dog to attack him violated his federal constitutional rights to be free from excessive force. Comesanas argues that the Eleventh Amendment bars Plaintiff's request for a declaratory judgment as to his federal constitutional claims.

"The Declaratory Judgment Act of 1934, 28 U.S.C. § 2201, permits a federal court to declare the rights of a party whether or not further relief is or could be sought." *Green v. Mansour*, 474 U.S. 64, 72 (1985) (citing *Steffel v. Thompson*, 415 U.S. 452 (1974)). A declaratory judgment is not available, however, for claims of past constitutional violations. *Id.* at 73. Because the conduct complained of has already occurred, the Plaintiff's request for declaratory relief is retrospective in nature. Absent any allegation of a continuing violation of federal law by the state, the Eleventh Amendment bars declaratory relief against state officials as to violations of federal law. *See id.*; *Ward v. Thomas*, 207 F.3d 114, 119-20 (2d

Cir. 2000). The Plaintiff has not alleged a continuing violation of federal law by Comesanas. Thus, the request for declaratory relief as Plaintiff's federal claim of excessive force is barred by the Eleventh Amendment and the Motion to Dismiss is granted on this ground.

### E. Sovereign Immunity as to Tort Claims

The Plaintiff alleges that defendant Comesanas's conduct constituted the tort of assault and battery and seeks monetary damages and declaratory relief. Defendant Comesanans argues that the doctrines of sovereign and statutory immunity bar the Plaintiff's tort claims against him in his individual and official capacities. Salaman does not respond to these arguments.

"It is settled law in Connecticut that the state is immune from suit unless, by appropriate legislation, it authorizes or consents to suit." *First Union National Bank v. Hi Ho Mall Shopping Ventures, Inc.*, 273 Conn. 287, 293–94, 869 A.2d 1193, 1197 (2005) (citation omitted). This immunity applies to lawsuits against the State as well as to lawsuits against state officers in their official capacities. See Miller v. Egan, 265 Conn. 301, 313, 828 A.2d 549 (2003) ("[A] suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state.") (internal quotation marks and citation omitted.)

With respect to the claims against Comesanas in his official capacity for monetary damages, the Plaintiff has not alleged that the state has consented to being sued via statute or other express intent. Nor has the Plaintiff alleged that he received authorization from the Office of the Claims Commissioner to sue the state, pursuant to General Statutes §§ 4-141 through 4-165, which is a prerequisite to suing the state absent waiver. Accordingly, Plaintiff's tort claims seeking money damages from Comesanas in his official capacity are

6

barred by sovereign immunity.

The Plaintiff also seeks declaratory relief from defendant Comesanas in his official capacity. The Connecticut Supreme Court has recognized three exceptions to sovereign immunity seeking injunctive or declaratory relief:

> (1) when the legislature, either expressly or by force of a necessary implication, statutorily waves the state's sovereign immunity ... (2) when an action seeks declaratory or injunctive relief on the basis of a substantial claim that the state or one of its officers has violated the plaintiff's constitutional rights ... and (3) when an action seeks declaratory or injunctive relief on the basis of a substantial allegation of wrongful conduct to promote an illegal purpose in excess of the officer's statutory authority.

*Tuchman v. State*, 89 Conn. App. 745, 753, 878 A.2d 384, 392 *cert. denied*, 275 Conn. 920, 883 A.2d 1252 (2005) (summarizing cases; citations omitted).

The Plaintiff seeks a declaration that Comesanas's conduct constituted the tort of assault and battery. Thus, it arguably falls within the third exception to the bar of sovereign immunity. The Connecticut Supreme Court has held, however, that the excess of statutory authority exception to sovereign immunity does not apply when a plaintiff's request for declaratory judgment is "really tantamount" to action for monetary damages. *St. George v. Gordon*, 264 Conn. 538, 550 n.12, 825 A.2d 90, 99 (2003).

The only purpose of a declaration that defendant Comesanas conduct constituted assault and battery would be to support Plaintiff's claim that he is entitled to damages against defendant Comesanas for assault and battery. Such an award of declaratory relief does not fit within the exceptions to sovereign immunity as it would have the same effect as an award of damages. Accordingly, the Motion to Dismiss is granted on the ground that sovereign

7

immunity bars Plaintiff's claims of assault and battery against defendant Comesanas in his official capacity.

### F. Statutory Immunity as to State Law Claims

Comesanas argues that statutory immunity bars Plaintiff's assault and battery claim against him in his individual capacity. By statute, state officials and employees who are sued in their individual capacities possess a limited immunity from suit: "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." Conn. Gen. Stat. § 4-165. Thus, "[s]tate employees do not . . . have statutory immunity for wanton, reckless or malicious actions, or for actions not performed within the scope of their employment." *Miller v. Egan*, 265 Conn. 301, 319, 828 A.2d 549, 555 (2003).

The Plaintiff has alleged facts to suggest that defendant Comesanas's conduct in permitting or ordering the police dog to attack him when he was on the ground in handcuffs was reckless and malicious. Accordingly, the court cannot conclude at this stage of the proceedings that the Plaintiff's state law claim of assault and battery against defendant Comesanas is barred by the statutory immunity provided by § 4-165. The Motion to Dismiss is denied as to the state law claim of assault and battery against defendant Comesanas in his individual capacity.

## IV. Conclusion

Defendant Comesanas's Motion to Dismiss [Doc # 20] is granted as to all claims

pursuant to the Eighth and Ninth Amendments, the state law claims of assault and battery, and the Fourth Amendment claims against him in his official capacity.  The Motion is denied as to the Fourth Amendment claims and state law claims of assault and battery against Comesanas in his individual capacity.  The Fourteenth Amendment claim against defendant Comesanas is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Thus, the Fourth Amendment claims, state law claims of assault and battery, and claims of violations of Connecticut General Statutes 53-37b and 53a-59(a)(4) (which are criminal statutes not addressed in the briefing), remain pending against Comesanas.

                              IT IS SO ORDERED.
                              /s/
                              Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 14th day of January, 2007.